## LUPICO v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided March 7, 1927.

661. INTOXICATING LIQUOR — 1256. Weight of Evidence.

B. P. Rabb, Cleveland, for Lupico.

S. C. Glenn, Cleveland, for State.

SULLIVAN, PJ.

1. Whether defendant, prosecuted for possessing still, had control of property, is to be determined from all testimony and circumstances of each particular case.

2. In prosecution for possessing still, defendant must have some dominion over property arising by reason of possession, or some extrinsic circumstances that gives him right to possession which includes control.

3. Where large still was operated in barn on premises of defendants, and odor arising from manufacture was so obnoxious that innocence of existence would be unreasonable, magistrate was justified in finding that defendant occupying first floor of barn had possession and control of still.

4. Court of Appeals is bound by the decisions of Supreme Court on question of reversing judgment on weight of evidence.

5. Judgment in criminal case cannot be reversed, unless it is clearly and manifestly against weight of evidence, as matter of law, and not as matter of opinion.

6. Judgment in criminal case cannot be disturbed, where there is credible evidence supporting it, though reviewing court has different opinion than trial court.

(Levine. J., concurs. Vickery, J., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

## LANGENHEIM v. INDUST. COMM.

Ohio Appeals, 8th Dist., Cuyahoga Co.

456. EMPLOYER AND EMPLOYE—1283. Workmen's Compensation.

Patterson, O'Brien & Holland, Cleveland, for Langenheim.

E. C. Turner. Atty. Gen., Columbus, and John A. Elden. Cleveland, for Indust. Comm.

SULLIVAN, PJ.

1. Death of employe from being shot by burglar while on way from work and still on walk built by employer for convenience of employes held not to arise within course of, nor within the scope of, employment; there being no causal connection.

2. Workmen's Compensation Law (Sections 1465-37 to 1465-108 GC.) must be given a liberal construction.

3. For recovery under the Workmen's Compensation Law (Sections 1465-37 to 1465-108 GC.) it is necessary that the record show the act causing the injury or fatality was related either directly or indirectly to the employment.

4. Where employe on way home was killed by a burglar, held that public policy forbade holding that injury arose in the scope of employment merely because employe was using sidewalk built by the employer for his employes' convenience.

(Vickery and Levine, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.